Jas. W. Deadeeiok, Special J.,
delivered the opinion of the Court.
The original bill in this case, was filed by John D. Cowan, Robert B. Cowan and James M. Ranlrin, against respondents, Dodd & Mitchell, to enjoin two notes executed by them to said respondents; one for four hundred dollars, and the other for five hundred dollars, which sums, together with one hundred dollars paid at the time of the contract, constituted the purchase money for “the exclusive right and liberty of making, constructing, using, and vending to others to be /used,” a certain machine, called, “S. B. McOorkle’s Machine for Stuffing Horse Collars,” in and for the territory of the State of Georgia.
The grounds upon which complainants seek a perpetual injunction against the payment of said notes, and the restitution of the amount already paid, are, that, at the time of the purchase, as they allege, they knew nothing of the value of the machine, were totally ignorant of its merits, and had to rely upon the knowledge of the defendants, who professed to know all about it, and who represented it to be a very valuable improvement in the mode of stuffing horse collars, and a great saving of labor; that they were thus deceived and allured by the false and flattering representations of defendants, in the purchase of the *280 said patent right, and have discovered that said machine is utterly worthless.
The original hill may, therefore, he considered as presenting two distinct grounds of relief.
1st. The false and fraudulent representation as to the value and character of the machine:
The answer of respondents, denies that they made any false or fraudulent representations in relation to said machine, or that they used any arts to hetray complainants into the contract; that they depended and relied upon their own judgment, after having witnessed the operations of the machine.
There is no evidence of any fraudulent misrepresentations in the record, nor anything to warrant us in saying that any special trust or confidence was reposed hy complainants in the judgment of the defendants, as to the merits of the machine; nor, indeed, is there anything in the conduct or relations of the parties, from which we can infer that the respondents either sought to obtain an undue advantage or practice a fraud upon complainants.
2d. It is also insisted, in the original bill, that the contract should not he enforced, because the machine, the right to make, sell and use which, was the consideration for which said notes were executed, was utterly worthless, and therefore, the consideration for which they were given, has failed.
It is not, of itself, sufficient, to avoid a contract, that the consideration is inadequate, or that the purchasers may have made an over-estimate of the value of the subject matter of the contract, if this mistake *281 of judgment Ras not been superinduced by some false or fraudulent representations, or by tbe dishonest arts and contrivances of one to whom tbe purchaser sustains such relations as that be may be reasonably supposed to repose tbe most unsuspecting confidence in bis representations.
Upon this point, tbe testimony is conflicting and unsatisfactory, many witnesses expressing their opinion, with more or less confidence and means of knowledge on tbe subject, that tbe machine was worthless; while about an equal number, with equal confidence and means of knowledge, express, on tbe contrary, an opinion, that it was a valuable improvement.
In view of tbe testimony, we do not feel authorized to say that it establishes tbe fact that tbe machine made either after the specifications annexed to tbe letters patent, or with tbe additions and alterations attached to it by tbe witness, Miller, was worthless. This witness testifies that bis alterations improved it, but he also states, that before bis improvements were attached, he and the inventor traveled to North Carolina with it, and “it did tbe work very well,” and they succeeded in selling the patent in every county in which they exhibited it.
Tbe contract between the parties was made tbe 26th of April, 1856, and the original bill was filed tbe 14th of January, 1858, asking an injunction and recision of tbe contract, for reasons therein stated.
Tbe answer to this bill, denying tbe facts relied upon as grounds of relief, and tbe complainants’ amended bill, was filed tbe 7th of May, 1858. By *282 the amended bill, complainants seek relief from the payment of said notes, upon the ground that McOorkle, the inventor, never had any patent for the machine exhibited to complainants as his patent; that the machine thus exhibited, was, in fact, so altered and improved in form and in principle, by changes and additions made to it by the witness, Miller, as to constitute it, essentially and substantially, a different machine from the one for which he obtained the patent.
The defendants, in their answer, while they admit that a few slight and immaterial changes and additions were made to the machine as patented, insist that no material alteration has been made, nor any change of the principle upon which it operated.
In 2 Paige, C. R., 134, it was held, that, “A patent of a machine is void if the machine will not answer its intended purpose without some adjustment or alteration, which the mechanic who constructs it must introduce, and which had not been invented by the patentee when his patent issued.”
In 2 Kent, 447, it is said: that, “It is often a question of intrinsic difficulty, especially in cases of the invention of minute additions to complicated machinery, to decide whether one machine operates upon the same principle as another. The material point of inquiry, generally, is, not whether the elements of motion, and in some particulars the same manner of operation, and the same component parts are used, but whether the given effect be produced substantially, by the same mode of operation and the same combination of powers, in both machines. Mere colorable differences, *283 or slight improvements, cannot shake the right of the original inventor. If the machine would not answer its intended purpose, made according to the specifications annexed to the patent, without some alteration, the patent would he void, and there would he a failure of consideration, as insisted in the hill. But, if it did answer the intended purpose, before alteration, but with some alteration, answered the intended purpose better than it did without alteration, this improvement in the operation of the machine, if not produced by the introduction of a new principle, for which the inventor might obtain a patent, would not be a sufficient ground for avoiding the contract.”
It appears from the record, that the witness, Miller, has made application for a patent for the improvements he has made upon and attached to McCorkle’s machine.
These improvements were attached to the machine and exhibited therewith, to the complainants, at the time of their purchase.
What has been the result of Miller’s application for a patent for them, or whether he is entitled to a patent for them, the record does not disclose. If he should be entitled to a patent for them, or should obtain one, the purchasers of McCorkle’s patent would have no right to use them, and the complainants would be entitled to relief, upon their amended bill.
But, we are not satisfied, from the evidence in this record, as to the character cf the alleged improvements made by Miller. It may be that action on the application of Miller has been had, or may be had, which will settle the question upon which we think this case turns.
*284 Upon the grounds of fraudulent misrepresentation, and worthlessness of the machine for which the patent was issued, we think the complainants are not entitled to relief; but it may be that further evidence can be obtained upon questions presented in the amended bill, and that any final decree now pronounced upon that branch of the case, upon the unsatisfactory proof in regard to it contained in the record, might work injustice.
We will, therefore, reverse the decree of the Chancellor, and remand the cause to the Chancery Court, at Grreeneville, to the end that the parties may have an opportunity of adducing any additional proof that they may be able to, upon the issues arising upon the amended bill.